IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP DWAIN SMITH, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:09-CV-509-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Phillip Dwain Smith, Prisoner I.D. No. 0754119, is a pretrial detainee presently confined in the Tarrant County jail pending criminal charges in state court.

Respondent Dee Anderson, is the Sheriff of Tarrant County.

*C. Issue*

Smith complains that his case was presented directly to the grand jury without a preliminary examining trial as he requested. (Petition at 7) *See* TEX. CODE CRIM. PROC. ANN. art. 16.01

(Vernon 2005).

*D. Legal Analysis*

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Smith, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241. Second, the petitioner must have exhausted his available state remedies.[1] *Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489. Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review[2] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state

---

[1] Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir. 1973). The exhaustion doctrine applicable to § 2241 was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91; *Dickerson*, 816 F.3d at 225; *Fain*, 488 F.2d at 224.

[2] Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* TEX CODE CRIM. PROC. ANN. arts. 11.07, 11.09 (Vernon 2005).

remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Smith asserts that he has filed an application for pretrial habeas relief in state court but has yet to receive a response. (Petition at 2) Even if true, this fact does not satisfy the exhaustion requirement. Smith must fully exhaust state remedies available to him in the state courts or demonstrate circumstances warranting federal court interference in the normal functioning of the state's criminal processes. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). A federal court should abstain from considering a state prisoner's constitutional claims out of deference to the state courts. Texas has adequate and effective state procedures for review of any constitutional claims Smith may have in the event he is convicted of the present charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Smith has not satisfied the exhaustion requirement as to the claim presented or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized. *See Braden*, 410 U.S. at 493. After the state proceedings are concluded, federal habeas proceedings can be instituted by Smith after he has exhausted his state remedies. This petition should be dismissed without prejudice to his right to seek federal habeas corpus relief after the state proceedings are concluded.

## II. RECOMMENDATION

It is therefore recommended that Smith's petition for writ of habeas corpus be DISMISSED without prejudice.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 5, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 5, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses

to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 15, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE